IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA K. MOFFAT,  Civil No. 04-1270-AA
                    OPINION AND ORDER
    Plaintiff,

  vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

---

Alan R. Unkeles
Attorney At Law
1865 NW 169th Place No. 121
Beaverton, Oregon 97006
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Richard A. Morris
Special Assistant U.S. Attorney
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Cynthia Moffat, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 401-33. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB benefits on April 4, 2002. Tr. 50-51. She alleged disability due to bipolar disorder commencing on September 1, 1987. Tr. 62. Her applications was denied initially, tr. 24, and upon reconsideration. Tr. 31. On March 23, 2004, after a hearing, the Administrative Law Judge (ALJ) ruled that plaintiff was not disabled. Tr. 11-21. The Appeals Council denied plaintiff's request for review, tr. 6, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 422.210.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

1  The initial burden of proof rests upon the claimant to
2  establish disability. Howard v. Heckler, 782 F.2d 1484, 1486
3  (9th Cir. 1986). To meet this burden, plaintiff must demonstrate
4  an "inability to engage in any substantial gainful activity by
5  reason of any medically determinable physical or mental
6  impairment which can be expected . . . to last for a continuous
7  period of not less than 12 months. . . ." 42 U.S.C.
8  § 423(d)(1)(A).

9  The Secretary has established a five-step sequential process
10 for determining whether a person is disabled. Bowen v. Yuckert,
11 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First
12 the Secretary determines whether a claimant is engaged in
13 "substantial gainful activity." If so, the claimant is not
14 disabled. Yuckert, 482 U.S. at 140; 20 C.F.R.
15 §§ 404.1520(b), 416.920(b).

16 In step two the Secretary determines whether the claimant
17 has a "medically severe impairment or combination of
18 impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.
19 §§ 404.1520(c), 416.920(c). If not, the claimant is not
20 disabled.

21 In step three the Secretary determines whether the
22 impairment meets or equals "one of a number of listed impairments
23 that the Secretary acknowledges are so severe as to preclude
24 substantial gainful activity." Id.; see 20 C.F.R.
25 §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively
26 presumed disabled; if not, the Secretary proceeds to step four.
27 Yuckert, 482 U.S. at 141.

28 In step four the Secretary determines whether the claimant

can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

In Step One of the sequential evaluation process the ALJ found that plaintiff had not engaged in substantial gainful activity during the period September 1, 1987, through December 31, 1991 (alleged onset date through last date insured). Tr. 15, 21. This finding is not in dispute.

In Step Two the ALJ found that plaintiff did not have a medically determinable physical or mental impairment which was in existence on or before her last date insured, which was December 31, 1991, and thus found no severe impairment. Tr. 21. See 20 C.F.R. § 404.1520(c). The ALJ therefore found that plaintiff did not have a disability as defined in the Act that began on or before December 31, 1991, her last date insured. Tr. 21. Because the ALJ found plaintiff not disabled at Step Two, he did not address any further steps of the sequential evaluation process. Id.

Plaintiff alleges that: (1) the ALJ failed to properly consider a retrospective diagnosis and opinion by plaintiff's

treating physician; (2) the ALJ erred in finding that plaintiff did not have a medically-determinable impairment that was severe; and (3) the ALJ was required to further develop the record by calling a medical expert to assess the records and infer an onset date.

In order to be found disabled, plaintiff must first show that she is "unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment." 20 C.F.R. § 404.1527(a)(1). The Commissioner's rulings and regulations provide that an impairment will only be found disabling if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Examples of basic work activities include remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6). Plaintiff bears the burden to establish the existence of a severe impairment, as well as the burden to establish that it prevented her from performing substantial gainful activity, and that it lasted for twelve continuous months. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999).

The parties agree that plaintiff's disability insurance lapsed on December 31, 1991, tr. 15, and that plaintiff must establish disability prior to that date. Tidwell, 161 F.3d at 601. Thus, plaintiff must establish that she became unable to work prior to December 31, 1991.

During the relevant time period, plaintiff's treating

physician was Jeffrey Young, M.D. Tr. 126-140. Dr. Young treated plaintiff beginning February 20, 1987, through September 7, 1989. Tr. 19. In his initial report, Dr. Young noted that plaintiff did not have any psychotic symptoms or dangerous ideation, and that cognitively she was alert and oriented times three, with intact memory, probably above-average intelligence, and fairly good psychological mindedness. Tr. 140. Dr. Young diagnosed adjustment disorder and possible compulsive personality disorder. Id.

On June 4, 1987, Dr. Young wrote that plaintiff was mildly depressed and anxious but not so depressed as to require medication. Tr. 134. In November 1987, Dr. Young assessed that plaintiff had scattered thinking and preoccupations, and no clear psychotic symptoms, but stated that her "overall situation is bordering on a possible psychosis." Tr. 132-33. In July 1988, Dr. Young assessed possible psychosis due to LSD or other experiences, but noted that "this illness seemed to have resolved, although at times today the author felt she might have some ongoing ideas of reference." Tr. 128.

After sessions in August and September 1988, plaintiff did not see Dr. Young again for nearly one year, until July 1989. Tr. 17, 126, 130. On July 7, 1989, Dr. Young reported "[d]iagnostic possibilities include a borderline psychotic illness, the possibility of a traumatic sexual experience in the past is manifesting with a wide variety of emotional experiences and discomforts." Tr. 18, 130. Dr. Young's final examination on September 7, 1989, noted that plaintiff's psychological testing was normal, plaintiff's mental status was normal, her anxiety

level was within normal limits, and that there was no need for ongoing treatment. Tr. 20, 130.

The ALJ found that Dr. Young did not report a definitive psychiatric diagnosis at any point during his treatment of plaintiff beginning February 20, 1987, through September 7, 1989. Tr. 19. Dr. Young's records also do not reflect any specific functional limitations or suggest any restrictions in basic activities that might impact plaintiff's ability to work. Moreover, plaintiff concedes that her medical records showed no further mental health treatment until nearly seven years later on May 2, 1996, more than four years after her date last insured. The ALJ also relied on the fact that although plaintiff saw a OB/GYN physician regularly beginning November 1988 (Dr. Lavonda), Dr. Lavonda did not refer plaintiff to a psychiatrist until July 1996. Tr. 18, 20, 323.

Finally, the ALJ correctly afforded Dr. Wittkopp's opinion little weight because he did not begin treating plaintiff until July 2001, more than nine years after her date last insured. Tr. 20. The ALJ properly gave more weight to Dr. Young's treatment notes made contemporaneously during the relevant time period. "The opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status, however, is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam." Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996).

The plaintiff also objects to the ALJ's comment that Dr. Wittkopp's "opinion is based primarily on the reports of the claimant and a review of records from Dr. Young which contain no

definitive psychiatric diagnoses and which link periods of exacerbation of the claimant's symptoms to substance abuse." Tr. 20. I find that the ALJ's comment was at most, harmless error. The ALJ's comment that plaintiff's symptoms were exacerbated by substance abuse was harmless because no medically determinable impairment was found, with or without consideration of any alcohol or drug abuse (DAA) by plaintiff. The materiality of any DAA becomes an issue only if there is an initial finding that plaintiff is disabled. See 20 C.F.R. §§ 404.1535(b)92), 416.935(b)(2). There was not an initial finding of disability made here. The ALJ's finding of no disability during the relevant time period is supported by substantial evidence in this regard.

The plaintiff next contends that the ALJ applied an incorrect legal standard in determining that she did not have a "severe mental impairment." Plaintiff relies on Dr. Wittkopp's opinion finding that plaintiff suffered from bipolar disorder that significantly limited her capabilities. Tr. 402. However, as noted above, the ALJ correctly found that Dr. Wittkopp's opinion regarding plaintiff's limitations do not establish the existence of a medically determinable impairment and any resulting limitations at or before plaintiff's last date insured. I find substantial evidence that the plaintiff fails to meet her burden in this regard.

Finally, I disagree that the ALJ was required to further develop the record by calling a medical expert to review the evidence or to infer onset date. An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when

the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); 20 C.F.R. § 404.1512(e). Those are not the circumstances at bar.

I find that the ALJ provided specific and legitimate reasons for not accepting Dr. Wittkopp's retrospective diagnosis and opinion on disability. Here, medical records did exist for the period prior to plaintiff's date last insured. Dr. Young's contemporaneous records failed to document the existence of a medically determinable impairment, nor did those records establish any significant limitations in plaintiff's physical or mental ability to do basic work activities, as required under 20 C.F.R. § 404.1521. Although plaintiff disagrees with the ALJ's interpretation of the evidence, the ALJ's interpretation was rational and supported by substantial evidence.

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this __20__ day of September 2005.

/s/ Ann Aiken
Ann Aiken
United States District Judge